UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN LAWRENCE | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | CASE NO. 19-cv-3526 |
| versus | * | |
| | * | |
| A-1 CLEANING & SEPTIC | * | |
| SYSTEMS, LLC and | * | |
| JAMES SHEPPEARD | * | COLLECTIVE ACTION |
| | * | |
| Defendant. | * | |

_____

## ORIGINAL COMPLAINT

### SUMMARY

1. Defendants, A-1 Cleaning & Septic Systems, LLC and James Sheppeard ("Defendants"), employ and pay certain workers a day-rate.

2. Although these workers regularly work more than seventy (70) hours in a workweek, Defendants do not pay them overtime.

3. Defendants' policy of paying these employees a day-rate with no overtime pay, violates the Fair Labor Standards Act ("FLSA").

4. This collective action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

### JURISDICTION & VENUE

5. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(1) because Defendants conduct substantial business in this District, sending Plaintiff and FLSA Collective members to perform work in this District while subjecting them to Defendants' improper and illegal payroll practices.

**PARTIES**

7. Justin Lawrence ("Lawrence") was employed by Defendants as a day-rate employee. Lawrence is domiciled in Texas and performed work out of Defendants' Tomball, Texas facility as a septic repair tech.

8. Lawrence's written consent to this action is attached. (Exhibit "A).

9. Defendant A-1 Cleaning & Septic Systems, LLC ("A-1 Cleaning") is a Texas limited liability company doing business in the State of Texas.

10. Defendant may be served through its registered agent, James Sheppeard, 8135 Cove Timbers Lane, Tomball, Texas 77375.

11. Defendant James Sheppeard is a Texas domiciliary who may be served at 8135 Cove T Timbers Lane, Tomball, Texas 77375.

12. Defendant Sheppeard is the sole manager and member of A-1 Cleaning.

13. Defendant Sheppeard was directly involved in A-1 Cleaning's payroll decisions and practices, including but not limited to, setting schedules and work assignments, setting pay rates, and assigning work duties.

14. Defendant Sheppeard was also directly responsible for implementing A-1 Cleaning's practice of paying its employees a day-rate without overtime.

15. Defendants paid each of the FLSA Collective members a day-rate, with no overtime premium for hours worked in excess of forty (40) in a workweek.

16. Defendant''s payroll practice and classification of these workers as overtime exempt violated the FLSA.

## FACTS

17. A-1 Cleaning is septic systems cleaning and repair business.[1]

18. A-1 Cleaning primarily conducts business within Harris, Montgomery and Fort Bend, Counties, all within the State of Texas.

19. Defendants' employees routinely handle goods or materials – such as fuel, tool bags, tool boxes, waterproof boots, latex gloves, vacuums, hoses, and cell phones - that have moved in, or were produced for, interstate commerce.

20. In each of the past three (3) years, Defendants' gross revenue has exceeded $500,000.

21. Lawrence worked for Defendants as a septic repair tech.

22. Drivers and repair techs, and other similar job positions/titles, drove to customer locations within the State of Texas and performed septic cleaning and repair services.

23. Defendants paid Lawrence according to his day-rate.

24. Defendants routinely scheduled Lawrence and the other FLSA Collective members, for ten (10) or more hours each work day. Defendants scheduled Lawrence and the other FLSA Collective members for as many as six (6) days in a workweek.

25. Over the past three (3) years, Defendants employed dozens of individuals – including Lawrence – as drivers, repair techs and other non-exempt day-rate employees in Texas.

26. Defendants paid/pay the FLSA Collective members a day-rate without overtime.

---

[1] https://www.a-1septicco.com/ (last visited on 6/26/2019).

3

27. Defendants' day-rate employees (including, but not limited to, its repair techs and drivers) are non-exempt employees.

28. While the precise job duties of the day-rate employees may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

29. An employer can pay a non-exempt employee on a day-rate basis *provided* the employee receives overtime pay for hours worked in excess of forty (40) in a workweek. 29 C.F.R. § 778.112.

30. All of Defendants' day-rate workers perform manual labor in support of Defendants' cleaning and septic business.

31. All of Defendants' day-rate workers are entitled to overtime pay.

32. None of Defendants' day-rate workers received/receive overtime pay.

33. Defendants know their day-rate workers work more than forty (40) hours in a workweek.

34. Defendants know their day-rate workers are not exempt from the overtime provisions of the FLSA.

35. Nonetheless, Defendants did not (and does not) pay its day-rate workers overtime for hours worked in excess of forty (40) in a workweek.

### COLLECTIVE/CLASS ACTION ALLEGATIONS

36. Lawrence brings this claim under Section 216(b) of the FLSA as a collective action.

37. The same policy that caused Lawrence to be denied his overtime pay caused Defendants' other day-rate workers to be denied their overtime pay.

38. While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

39. Nor do any differences in job duties matter for determining whether Defendants' policy of not paying day-rate workers overtime is legal.

40. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

41. Because Defendants uniformly failed to pay overtime to all day-rate workers, Lawrence and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

42. Upon information and belief, Defendants employed numerous day-rate employees like Lawrence during the past three (3) years.

43. Nearly all of the questions related to Lawrence and the FLSA Collective can be answered on a collective basis.

44. Defendants' practice of paying day-rates and not paying members of the FLSA Collective overtime is based on established companywide policies.

45. Defendants' payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

46. The most important questions presented in this case can be resolved on a collective-wide basis.

47. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

48. Furthermore, individual litigation would be unduly burdensome to the judicial system.

49. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

### COLLECTIVE DEFINITION

50. Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All drivers and repair techs employed by A-1 Cleaning & Septic Systems, LLC who, within the last three (3) years, only worked intrastate routes servicing and maintaining septic systems, worked over forty (40) hours in a workweek, and were not paid overtime.

### VIOLATION OF THE FLSA

51. Plaintiff incorporates the proceeding paragraphs by reference.

52. At all relevant times, Defendants have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54. Defendants employed Lawrence and each member of the FLSA Collective.

55. Defendants' pay policy denied Lawrence and the FLSA Collective overtime compensation as required by the FLSA.

56. Defendants' failure to pay Lawrence and the FLSA Collective overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.

57. Defendants' conduct, as described herein, was in willful violation of the FLSA.

58. Due to Defendants' FLSA violations, Lawrence and the FLSA Collective are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs and expenses of this action.

## PRAYER

**WHEREFORE**, Justin Lawrence prays for relief as follows:

1. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

2. Judgment against Defendants, A-1 Cleaning & Septic Systems, LLC and James Sheppeard, awarding Plaintiff and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the other FLSA Collective may show themselves to be justly entitled.

Respectfully Submitted,

/s/ Trang Q. Tran
Tran Q. Tran
TRAN LAW FIRM, LLP
2537 S. Gessner
Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
ttran@tranlawllp.com

/s/ Scott E. Brady
Philip Bohrer, Esq.
Scott E. Brady, Esq.
BOHRER BRADY LLC
8712 Jefferson Highway, Ste. B
Baton Rouge, LA 70809
Tel: 225-925-5297
Fax: 225-231-7000
Phil@bohrerbrady.com
Scott@bohrerbrady.com

*Attorneys for Plaintiff and the Putative Collective*