UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN LAWRENCE, | § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-CV-03526 |
| A-1 CLEANING & SEPTIC SYSTEMS, LLC, ET AL., | § § § § | |
| Defendants. | § § | |

## ORDER

This is a Fair Labor Standards Act ("FLSA") case. Pending before me is Plaintiff's Motion to Conditionally Certify a FLSA Collective Action, Approve Notice and Expedited Consideration ("Motion for FLSA Certification"). *See* Dkt. 18. After considering the motion, the record, and the applicable law, I conditionally certify a FLSA collective action for the reasons expressed below.

## BACKGROUND

Defendant A-1 Cleaning & Septic Systems, LLC ("A-1 Cleaning") is a septic system cleaning and repair business based in Tomball, Texas. Defendant James Sheppeard owns and operates A-1 Cleaning. From October 2015 through March 2019, Plaintiff Justin Lawrence ("Lawrence") worked as a septic repair tech for A-1 Cleaning. Lawrence alleges that drivers and septic repair techs employed by A-1 Cleaning traveled together to customer locations to perform septic cleaning and repair services. He asserts that A-1 Cleaning paid he and other drivers and septic repair techs a day-rate, and they did not receive overtime

pay for hours worked in excess of 40 in a workweek. Lawrence claims that his hours varied from week to week, but he regularly worked more than 40 hours per week. In some weeks, Lawrence contends that he worked in excess of 70 hours without receiving overtime pay.

Lawrence brings this lawsuit as a collective action on behalf of himself and all other similarly situated employees who worked for A-1 Cleaning. Defendants oppose Lawrence's effort to conditionally certify a FLSA collective action.

## LEGAL STANDARD

The FLSA requires that an employee be compensated with overtime pay "at a rate not less than one and one-half times" the employee's regular rate for hours worked in excess of 40 in a week. 29 U.S.C. § 207(a). An employee may sue his employer for violating the overtime provisions of the FLSA either individually or as a collective action. Unlike typical class actions under Rule 23 of the Federal Rules of Civil Procedure, a collective action under the FLSA requires individuals to opt-in to the action instead of opting out. The collective action mechanism permits a plaintiff to bring suit on his own behalf and on behalf of other employees "similarly situated." 29 U.S.C. § 216(b).

The decision on whether to certify a lawsuit as a collective action under the FLSA and approve notice to potential plaintiffs is committed to the sound discretion of the district court. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). Notice to potential plaintiffs will not issue unless a court conditionally certifies the case as a collective action. *See Shaw v. Jaguar Hydrostatic Testing, LLC*, No. 2:15-CV-363, 2017 WL 3866424, at *3 (S.D. Tex. Sept. 5, 2017) ("[T]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn

become parties to a collective action only by filing written consent with the court. District courts have discretion in deciding whether to order notice to potential plaintiffs.") (internal quotation marks and citations omitted).

Although the FLSA authorizes a plaintiff to bring an action on behalf of similarly situated persons, the FLSA does not define "similarly situated." The Fifth Circuit has declined to adopt any specific test to determine when plaintiffs are similarly situated. That being said, most district courts in the Southern District of Texas (including this one) have adopted the lenient two-step approach outlined in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See Freeman v. Progress Residential Prop. Manager, LLC*, No. 3:16-CV-00356, 2018 WL 1609577, at *2 (S.D. Tex. Apr. 3, 2018). The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Id.*

At the notice stage, the district court determines, based only on the pleadings and any affidavits that have been submitted, whether the putative collective action members should receive notice of the action. *See Mooney*, 54 F.3d at 1213–14. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* at 1214. Generally, a plaintiff seeking conditional certification must show at the notice stage that (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; and (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted.[1] *See Freeman*, 2018 WL 1609577, at *4. At no

---

[1] Some courts also require a third element—that potential plaintiffs desire to opt-in to the class. *See Freeman,* 2018 WL 1609577, at *3 n.2. I have refused to adopt this third requirement, but

point during the notice stage of conditional certification should a court look to the merits of the lawsuit's allegations. *See Nieddu v. Lifetime Fitness, Inc.*, 977 F. Supp. 2d 686, 690 (S.D. Tex. 2013) ("Usually at the notice stage, because discovery has not yet occurred, courts do not review the underlying merits of the action in deciding whether to conditionally certify the class."). If the court conditionally certifies the class, putative class members are given notice and the opportunity to opt-in. *See Mooney*, 54 F.3d at 1214. The case then proceeds through discovery as a representative action. *See id.*

The decertification stage begins when the defendant moves to decertify the conditionally-certified class, usually after discovery is virtually complete. *See id.* At this stage, the district court reviews the information obtained during discovery and makes a factual determination regarding whether the members of the conditionally-certified class are truly similarly situated. *See id.* The plaintiff's burden is more stringent at the decertification stage than at the notice stage. *See McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010). "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Mooney*, 54 F.3d at 1214. The original plaintiffs then proceed to trial on their individual claims. *See id.*

---

that is of no moment here since two additional individuals have consented to join this action. *See* Dkts. 15, 23.

## CONDITIONAL CERTIFICATION IS PROPER

"As noted above, a plaintiff seeking to obtain conditional certification must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; and (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted." *Freeman*, 2018 WL 1609577, at *4 (internal quotation marks, ellipsis, and brackets omitted). I will evaluate the request for conditional certification in light of these two factors.

**A.    THERE IS A REASONABLE BASIS FOR CONCLUDING THAT OTHER AGGRIEVED INDIVIDUALS EXIST**

To satisfy the first element, Lawrence "need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 464 (S.D. Tex. 2015) (quotation marks and citation omitted). In the present case, Lawrence submitted a declaration alleging that he had "personal knowledge from working with and talking to other drivers and septic repair techs that they were also paid a day-rate and did not get paid overtime for hours worked over forty (40) in a workweek." Dkt. 18-2 at 3. Two individuals—Michael Jones and Michael Postich—have also consented to join this lawsuit, providing further evidence that other aggrieved individuals exist.[2] The first element is met.

---

[2] The two consents state that the employees "worked over 40 hours per week" and "did not receive proper compensation for [] overtime hours worked." Dkts. 15-1, 23-1. Curiously, the two consents also state that the individuals worked as "loan officers" for A-1 Cleaning. *Id.* I assume that is a typographical error.

B.     **MEMBERS OF THE PROPOSED CLASS ARE SIMILARLY SITUATED**

"For the class representative to be considered similarly situated to the potential opt in class members, the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 468 (S.D. Tex. 2012) (quoting *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007)). *See also Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. 2011) ("[T]he relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices."). Although the degree to which potential opt-in plaintiffs must be similarly situated has not been precisely defined, district courts agree that "[t]he positions need not be identical, but they must be similar." *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 862 (S.D. Tex. 2012). There should be "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003) (internal quotation marks, brackets, and citation omitted).

Applying these legal principles to this case, it is abundantly clear that the putative class members' claims are sufficiently similar to authorize notice to potential class members. In a declaration submitted in support of conditional certification, Lawrence observes that "all drivers and septic repair techs employed by Defendants had the same job descriptions and performed the same basic duties" and "were subject to the same company policies and procedures." Dkt. 18-2 at 3. Importantly, Defendants admit that: (1) drivers and repair techs are employed as day-rate employees; (2) any variations in duties between

6

drivers and repair techs do not impact their entitlement to overtime pay; and (3) drivers and repair techs were not paid overtime pay. Based on these admitted facts alone, conditional certification is appropriate. The only real question in this case is whether Lawrence and the other potential plaintiffs worked more than 40 hours per week. That is a factual question to be determined at a later date. At this juncture, there is sufficient similarity between Lawrence and the potential opt-in plaintiffs to allow the matter to proceed on a collective basis.[3]

## THE PROPER CLASS DEFINITION

Lawrence proposes the following class definition:

> All septic repair techs and drivers employed by A-1 Cleaning & Septic Systems, LLC and James Sheppeard, who worked over forty (40) in a workweek at any time within the last three (3) years prior to the filing of the Complaint.

Dkt. 18-1 at 2. Defendants object to this class definition, requesting that I limit the class definition "to only work performed by any employees qualifying for the class performed within the three (3) years prior to any notice being approved by the Court." Dkt. 26 at 6. I find this to be a valid objection. "Courts within the Fifth Circuit have repeatedly recognized that based on the statute of limitations . . . class certification is appropriately

---

[3] In opposing conditional certification, Defendants claim that Lawrence "should be estopped from asserting the alleged failure of Defendants to pay him overtime because he did not follow company policy which required him to punch in and punch out on a time clock for each and every day he performed employment duties." Dkt. 26 at 7. This argument goes to the merits of the case and should not be considered during the notice stage of conditional certification. *See McKnight*, 756 F. Supp. 2d at 804 (At the notice stage "it is not appropriate to require the plaintiffs to produce evidence sufficient to survive summary judgment or to otherwise test the merits beyond the light burden of production to show potential class members are similarly situated.").

limited to workers employed by the defendant up to three years before notice is approved by the court." *Snively v. Peak Pressure Control, LLC*, 174 F. Supp. 3d 953, 963 (W.D. Tex. 2016) (internal quotation marks and citation omitted). *See also Diaz v. Applied Mach. Corp.*, No. CV H-15-1282, 2016 WL 3568087, at *10 (S.D. Tex. June 24, 2016) ("[C]lass certification is appropriately limited to workers employed by defendants up to three years before this court approves the notice."); *Watson v. Travis Software Corp.*, No. H-07-4103, 2008 WL 5068806, at *9 (S.D. Tex. Nov. 21, 2008) ("A class period covering the three years before the date this court approves conditional certification and notice is appropriate in this case."). In accordance with this precedent, I will revise the class definition to include those putative class members working for Defendants within the past three years from the date of this conditional certification order. To eliminate any uncertainty, the class shall be defined as such:

> All septic repair techs and drivers employed by A-1 Cleaning & Septic Systems, LLC and James Sheppeard, who worked over forty (40) hours in a workweek at any time during the three-year period before this order, April 28, 2017 through April 28, 2020.

## FORM OF NOTICE TO POTENTIAL CLASS MEMBERS

Having determined that conditional certification is proper in this case, I now turn to the appropriate notice procedure. "To keep the opt-in process efficient, district courts have discretion to facilitate notice to potential plaintiffs." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 (5th Cir. 2019) (internal quotation marks, brackets, and citation omitted). "Notice is particularly important for FLSA collective actions as potential plaintiffs' statutes of limitations continue to run unless and until a plaintiff 'gives his consent in writing to

become a party and such consent is filed in the court in which such action is brought.'" *Gronefeld v. Integrated Prod. Servs., Inc.*, No. 5:16-CV-55, 2016 WL 8673851, at *5 (W.D. Tex. Apr. 26, 2016) (quoting 29 U.S.C. § 216(b)).

Lawrence proposes that he should be permitted to: (1) disseminate notice by first-class mail, email, and text message; (2) send reminder notices before the end of the opt-in period; (3) make reminder calls to those who have not responded to the initial notice; and (4) require Defendants to post the notice in a conspicuous place in their offices. I will address these issues one-by-one.

### A. NOTICE MAY BE SENT TO POTENTIAL CLASS MEMBERS BY TEXT MESSAGE

The first issue I must tackle is which delivery methods should be utilized to inform putative class members of the present lawsuit. The parties agree that class notice should be distributed by both first-class mail and email. The dispute at hand centers on whether I should also permit notice by text message. Lawrence maintains that text messaging is a common form of communication that is more effective than class notice sent either by email or the United States postal system. He contends that "[w]hile [putative class] members are not as likely to regularly use a computer to check their email, nearly everyone in today's society is in constant possession of a cell phone" and many "rely on cell phones as their sole means of communication." Dkt. 18-1 at 14. On the other hand, Plaintiffs object to distributing notice by text, arguing that it is somehow "misleading" and "unwarranted." Dkt. 26 at 6.

Although district courts across the nation are divided as to whether a plaintiff should be permitted to send notice to potential class members in FLSA actions by text message in

9

addition to other more traditional notice methods, I am a firm believer that text message notice is appropriate. *See Dickensheets v. Arc Marine, LLC*, ___ F. Supp. 3d ___, 2020 WL 855172, at *2 (S.D. Tex. Feb. 19, 2020). The purpose of class notice is to ensure that potential plaintiffs "receiv[e] accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). As a judicial officer, it is my view that I should exercise my power to encourage delivery methods that will make it more likely that putative class members receive notice. The reality of modern-day life is that some people never open their first-class mail and others routinely ignore their emails. Most folks, however, check their text messages regularly (or constantly). Since I am convinced that text messaging will increase the likelihood that class members will learn about this lawsuit, I approve the use of text message notice in this case. *See Dickensheets*, 2020 WL 855172, at *2 ("I find that providing notice via text message in addition to other traditional notice methods will almost always be appropriate in modern society."). To alleviate any concern about a misleading or incomplete text message, the text sent to potential class members must include a copy of the class notice I ultimately approve for distribution.

**B.    A R**EMINDER **N**OTICE **I**S **A**PPROPRIATE

Next, Defendants object to Lawrence's request to send a reminder notice to potential class members. Defendants maintain that reminder notice is unnecessary and "may give the appearance that the court is endorsing plaintiff's position." Dkt. 26 at 6. Across the country there is a split of authority on whether reminder notices should be allowed.

*Compare Morris v. Lettire Const. Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) (Reminder notices further the FLSA's express purpose to "inform as many potential plaintiffs as possible of the collective action and their right to opt-in."), *with Roberts v. S.B. S. Welding, LLC*, No. 3-14-CV-3617-B, 2015 WL 8773610, at *3 (N.D. Tex. Dec. 15, 2015) (finding that reminder notices would be unnecessary and could potentially be interpreted as an endorsement by the court to opt into the lawsuit).

I recently addressed whether a reminder notice is appropriate in collective action cases. *See Dickensheets*, 2020 WL 855172, at *2. In approving the use of reminder notices, I explained:

> To me, the benefits to be gained by sending a reminder notice far outweigh any potential disadvantages. A reminder notice provides a second chance to potential plaintiffs who, for whatever reason, do not receive, open, or view the initial letter, email, or text message providing notice. A reminder notice also helps ensure that those potential plaintiffs, who read the original notice but forget about it in the hustle and bustle of daily life, are reminded at least once about their opportunity to join the lawsuit. Defendants' concern, that a reminder notice can give an inaccurate impression that the Court actively promotes participation in the collective action, can be easily solved. The class notice can simply include language expressly stating that the Court does not encourage or discourage participation in the case. . . . I find that a reminder notice is a reasonable way to see that potential class members receive notice of the action and have a chance to decide whether to participate in the case. I see no downside to a reminder notice as Defendants will not be unduly burdened or prejudiced.

*Id.*

In regards to Defendants' argument that a reminder notice may imply the Court's promotion of the collective action, I am confident Defendants' concern can be easily resolved. The class notice can simply include language expressly stating that the Court does not encourage or discourage participation in the case.

I, therefore, conclude that reminder notices are an appropriate method to ensure the potential plaintiffs are made fully aware of the collective action lawsuit. The reminder notice may be sent by first-class mail, email, and text message.

C. **REMINDER CALLS ARE NOT APPROPRIATE**

In addition to sending reminder notices by first-class mail, email, and text, Plaintiffs want to follow-up with a reminder phone call to those class members who have not responded to the initial notice. Given that FLSA notice is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, I completely understand Lawrence's desire to add a reminder phone call to the repertoire. But I am not persuaded. I have already agreed to notice by first-class mail, email, and text message. I have also agreed to reminder notices using the same methods of delivery. At a certain point, enough is enough. Too many reminder notices become duplicative and harassing. I have to draw the line somewhere. Accordingly, I find that reminder calls are inappropriate when a district court has already authorized reminder notices via first-class mail, email, and text message. *See Migues v. We Care Homes, Inc.*, No. 6:19-CV-00976, 2019 WL 5587048, at *5 (W.D. La. Oct. 29, 2019) ("The Court does not find that telephone calls are appropriate."); *Boykin v. Anadarko Petroleum Corp.*, No. 17–cv–02309–MSK–STV, 2018 WL 1406878, at *4 (D Colo. Mar. 21, 2018) (declining to authorize reminder telephone calls without proof that mail and e-mail notice has been substantially ineffective at reaching potential class members).

### D. POSTING OF NOTICE

Next, Lawrence requests that I order Defendants to post notice in the workplace where it can be seen by current employees. Although I have never addressed such a request previously, I have no qualms with ordering Defendants to post notice. "Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (collecting cases). "Posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 WL 5211839, at *9 (S.D.N.Y. Sep. 16, 2013). Moreover, it is relatively easy for the employer to tape up a notice for all to see in a common area, and there is little, if any, downside in posting such notice. *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) (rejecting as "unpersuasive" defendant's argument that posting notice "will be unnecessarily disruptive and will start a conversation among employees" and noting that "[a] purpose of notice *is* to start a conversation among employees, so as to ensure that they are notified about potential violations of the FLSA and meaningfully able to vindicate their statutory rights"). Accordingly, I grant Lawrence's request that Defendants post notice in a conspicuous common area at the A-1 Cleaning facility.

## CONCLUSION

Lawrence has made a sufficient showing at this preliminary stage to warrant the issuance of notice, to permit full discovery, and to allow the Court to conduct a more

rigorous analysis at the final decertification stage when it has the benefit of more information. As such, Plaintiff's Motion for FLSA Certification (Dkt. 18) is **GRANTED**. Conditional certification is granted for a class defined as follows:

> All septic repair techs and drivers employed by A-1 Cleaning & Septic Systems, LLC and James Sheppeard, who worked over forty (40) hours in a workweek at any time during the three-year period before this order, April 28, 2017 through April 28, 2020.

I order the parties to confer and file an agreed Proposed Notice and an agreed Proposed Consent to Join form by May 6, 2020. I have prepared a form FLSA conditional certification notice that is available on my website (https://www.txs.uscourts.gov/page/united-states-magistrate-judge-andrew-m-edison), and the parties are encouraged to utilize it in drafting the final notice for this case. Defendants shall provide Lawrence with a list of all employees fitting the description of the conditionally certified class in a usable electronic format by May 8, 2020. This list shall include each individual's full name, last known mailing address, e-mail address (if known), mobile telephone number, and date(s) of employment. Lawrence shall have fourteen (14) days from the receipt of this information to send notice to the potential class members by first-class mail, email, and text message. The opt-in period shall be sixty (60) days from the date the notice is sent. A reminder notice may be sent to potential class members by first-class mail, email, and text message thirty (30) days after the initial notice is sent. Notice shall also be posted in a conspicuous place at Defendants' main offices so that current employees may receive notice of the lawsuit.

SIGNED in Houston, Texas on this 28th day of April, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE